IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM PATTERSON, | : | CIVIL ACTION |
| Plaintiff, | : | NO. 08-2140 |
| v. | : | |
| CITY OF PHILADELPHIA, et al. | : | |
| Defendants. | : | |

**MEMORANDUM**

**Jones, J.**                                                                                             July 30, 2009

      The parties are well familiar with the history of this matter and the Court will not recount it here. Although the Court did not grant Plaintiff leave to file an Amended Complaint, the Court will, in its discretion and recognizing the leeway that the Third Circuit has admonished should be provided to *pro se* litigants, deem the Amended Complaint properly filed. Plaintiff's Amended Complaint (Docket No. 36) brings two causes of action: one cause for "Federal Civil Rights Violations" against Defendant Abraham and one cause for "Intentional Infliction of Emotional Distress" against Defendant Knight Martin.[1] Before the Court are Defendant Kerry Knight Martin's Motion to Dismiss (Docket No. 40), Defendant Lynne Abraham's Motion to Dismiss (Docket No. 41), and Plaintiff's Response thereto (Docket No. 43). The Court has carefully considered the parties' contentions and rules as follows.

      A suit against a government official in his or her official capacity is treated as a suit

---

[1] The Amended Complaint contains no prayer for relief, in violation of Fed R. Civ. P. 8(a)(3). However, there is no need to provide Plaintiff with an opportunity to remedy this deficiency given the decision reached here.

1

against the government entity itself. Hafer v. Melo, 502 U.S. 21, 25, 27 (1991). Accordingly, a suit against District Attorney Lynne Abraham in her official capacity is really a suit against the Philadelphia County District Attorney's Office. Harrison v. Abraham, 1997 U.S. Dist. LEXIS 6894, Civ. A. No. 96-4262 (E.D. Pa. May 16, 1997). Defenses for the official in an official-capacity suit are those that the governmental entity he or she represents possesses. Hafer, 502 U.S. at 21, 25. The Philadelphia County District Attorney's Office is not an entity for purposes of Section 1983 liability. See Reitz v. County of Bucks, 125 F.3d 139, 148 (3d Cir. 1997); Schneyder v. Smith, 2007 WL 119955, Civ. A. No. 06-4986, at *5 n.7 (E.D. Pa. Jan. 9, 2007) (observing that "a district attorney's office may not be a separate legal entity for the purposes of § 1983 liability"); Cruz v. City of Philadelphia, 2007 U.S. Dist. LEXIS 86085, Civ. A. No. 07-493, *14 (E.D. Pa. Nov. 20, 2007) (same); Domenech v. City of Philadelphia, 2007 U.S. Dist. LEXIS 3921, Civ. A. No. 06-1325, *6-7 (E.D. Pa. Jan. 18, 2007) (same). As such, Plaintiff's Section 1983 claim cannot be maintained against Defendant District Attorney Abraham in her official capacity.[2]

Intentional infliction of emotional distress is a tort under Pennsylvania state law. Brown v. Muhlenberg Twp., 269 F.3d 205, 217-18 (3d Cir. 2001). Given the decision to dismiss the sole remaining federal claim in the Amended Complaint, the Court will, in its discretion, decline to exercise supplemental jurisdiction over the remaining state law claim against Defendant Knight Martin.[3] See 28 U.S.C. § 1367(c)(3).

---

[2] The Court previously dismissed the claim against Defendant Abraham in her individual capacity.

[3] As such, the Court need not rule on the substance of Defendant Knight Martin's motion.